NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0158n.06

Nos. 23-5302 / 5303

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | |
|---|---|
| DAVID LITTLE, as parent and next of kin to Deceased Tyler Little; RUTH LITTLE, as parent and next of kin to Deceased Tyler Little, <br><br>     Plaintiffs-Appellees, <br><br> v. <br><br> CITY OF MORRISTOWN, TENNESSEE, <br><br>     Defendant, <br><br> DEVON GILLETT and MATTHEW JOHNSON, individually (23-5302); DIANNA BROWN, ANTHONY SMITH, AUSTIN MILLER, and CHAD MCFARLAND, individually (23-5303), <br><br>     Defendants-Appellants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**FILED**

Apr 09, 2024

KELLY L. STEPHENS, Clerk

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE

OPINION

---

Before: GRIFFIN, KETHLEDGE, and THAPAR, Circuit Judges.

GRIFFIN, Circuit Judge.

Plaintiffs David and Ruth Little contend that several law-enforcement officers failed to provide constitutionally adequate care and protection to their son Tyler, who died of a drug overdose while waiting to be booked into jail. The district court denied qualified immunity to several defendants, who then filed these interlocutory appeals. While these appeals were pending, we decided *Lawler v. Hardeman County*, 93 F.4th 919 (6th Cir. 2024), which requires application of a different legal standard to the clearly established prong of qualified immunity under 42 U.S.C. § 1983 than the one the district court applied in this case. Therefore, we vacate the district court's

denials of qualified immunity and remand for its consideration under the standard set forth in *Lawler*. We dismiss the remaining issues on appeal for lack of jurisdiction.

I.

The district court's factual determinations are binding on this interlocutory appeal. *DiLuzio v. Vill. of Yorkville*, 796 F.3d 604, 609–11 (6th Cir. 2015). We summarize as follows.

One afternoon in early March 2020, Morristown Police Department officers arrested Tyler Little after he fell asleep behind the wheel in a restaurant drive-thru lane. Officer Devon Gillett brought Little first to a hospital to take a blood draw and then to the Hamblen County Jail, where he handed off Little to county corrections officers. Much of the hour between Gillett and Little's first contact and their arrival at the jail was recorded on Gillett's body-worn camera. Throughout this time, footage shows that Little's condition "progressively deteriorated"—he was periodically falling asleep, sweating, and speaking incoherently. R. 106, Mem. Op. & Order, PageID 1795. At the jail, surveillance video shows that Little lay down on a mat and fell asleep in the middle of the booking area, where officers walked past him frequently. Little moved occasionally for the next thirty minutes but then lay motionless for an hour and a half until corrections officers discovered him without a pulse. An autopsy report lists Little's cause of death as "oxymorphone and bupropion intoxication." *Id.* at PageID 1799.

Little's parents then sued the City of Morristown and individual Morristown police officers (including appellants Officer Devon Gillett and Officer Matthew Johnson (collectively, the "City defendants")) and Hamblen County and individual county corrections officials (including appellants Corporal Dianna Brown, and Officers Anthony Smith, Austin Miller, and Chad McFarland (collectively, the "County defendants")). Plaintiffs assert claims under 42 U.S.C. § 1983 for violating Little's Fourteenth Amendment rights, as well as claims under state tort law.

Their operative § 1983 claims allege two types of Fourteenth Amendment violations: (1) a failure-to-provide-medical-care claim against Officer Gillett and the County defendants; and (2) a failure-to-protect claim against the County defendants.

The individual defendants moved for summary judgment based on qualified immunity. For the failure-to-provide-medical-care claim, the district court granted qualified immunity to Corporal Brown and Officer Miller but denied it to Officers Gillett, McFarland, and Smith. The district court did not address the failure-to-protect claim because the County defendants did not move for summary judgment on that claim. These appeals followed.

II.

Ordinarily, interlocutory orders are not appealable, but there is an exception for orders denying qualified immunity. *Adams v. Blount Cnty.*, 946 F.3d 940, 948 (6th Cir. 2020). For such denials, the scope of review, like our jurisdiction, is limited. *Id.* We accept the district court's factual findings and review only pure questions of law de novo. *Id.* at 947–48.

At summary judgment, a government official is entitled to qualified immunity unless the evidence would permit a reasonable juror to find that "(1) the defendant violated a constitutional right; and (2) the right was clearly established." *Raimey v. City of Niles*, 77 F.4th 441, 447 (6th Cir. 2023) (citation omitted). We can decide these prongs in either order, *Pearson v. Callahan*, 555 U.S. 223, 236 (2009), and these appeals turn on the second prong.

The general right asserted here—the right of a pretrial detainee to be free from officials' deliberate indifference to serious risks of harm—has undergone some recent changes in our circuit. We used to analyze pretrial detainees' and convicted prisoners' claims of deliberate indifference the same way under the standard from *Farmer v. Brennan*, 511 U.S. 825 (1994). That standard has two parts: (1) an objective component, requiring a plaintiff to prove that the alleged conditions

of confinement or deprivation of medical care posed a substantial risk of harm that was "sufficiently serious," *id.* at 834 (citation omitted); *see also Zakora v. Chrisman*, 44 F.4th 452, 469 (6th Cir. 2022) (failure to protect); *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004) (failure to provide medical care); and (2) a subjective component, requiring a plaintiff to show that the official "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety," *Farmer*, 511 U.S. at 837. The subjective component requires proof—through either direct or circumstantial evidence—that the official both was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and that the official also "dr[e]w the inference." *Id.* at 837, 842.

But our 2021 decision in *Brawner v. Scott County*, 14 F.4th 585, 596 (6th Cir. 2021), altered our approach for pretrial detainees. *Brawner* reduced the level of mental culpability with which a defendant must act from "knowing" to "reckless disregard." *Id.* (citation omitted); *see also Grote v. Kenton Cnty.*, 85 F.4th 397, 405–06 (6th Cir. 2023) (discussing *Brawner*).

When it comes to qualified immunity, the timing of this change matters. That is because the "clearly established" prong of the qualified-immunity inquiry focuses on "whether the officer had fair notice that her conduct was unlawful" based on "the law at the time of the conduct." *Kisela v. Hughes*, 584 U.S. 100, 104 (2018) (citations omitted).

In several qualified-immunity appeals following *Brawner*, we apparently assumed that the new standard applied, even when the conduct at issue pre-dated *Brawner*'s publication. *See, e.g.*, *Greene v. Crawford Cnty.*, 22 F.4th 593, 603–04, 606–07, 614–15 (6th Cir. 2022) (applying *Brawner* standard in qualified-immunity context for conduct that occurred in 2017); *Helphenstine v. Lewis Cnty.*, 60 F.4th 305, 311, 316–17, 326–27 (6th Cir. 2023) (same); *Howell v. NaphCare, Inc.*, 67 F.4th 302, 308, 311–12, 317–18 (6th Cir. 2023) (applying *Brawner* in qualified-immunity

context for conduct that occurred in 2018); *Mercer v. Athens Cnty.*, 72 F.4th 152, 156–57, 160–61, 164 (6th Cir. 2023) (same). These opinions do not reflect consideration of—let alone a conscious conclusion about, *Wright v. Spaulding*, 939 F.3d 695, 702 (6th Cir. 2019)—one of the legal issues defendants raise here: whether a pretrial detainee's right to be free from reckless, rather than knowing, disregard of a risk to serious harm was clearly established before *Brawner*'s publication.

While this appeal was pending, another panel of this court resolved that question. In *Lawler*, we held that pretrial detainees' right to be free from reckless, rather than knowing, disregard to a serious risk of harm was not clearly established until, at the earliest, *Brawner*'s publication in 2021. 93 F.4th at 927. When the date of the conduct at issue predates *Brawner*, "our older decisions applying *Farmer* to the claims of pretrial detainees provide the only clearly established law" as of that time. *Id.* at 927–28.

Without the benefit of *Lawler*'s clarification, the district court applied *Brawner*'s standard—not *Farmer*'s—when analyzing whether defendants were entitled to qualified immunity. Because we are "a court of review, not of first view," we vacate the district court's denials of qualified immunity to Officers Gillett, McFarland, and Smith for the failure-to-provide-medical-care claim and remand for its consideration under *Farmer* in the first instance. *Byrd v. Haas*, 17 F.4th 692, 700 (6th Cir. 2021) (quoting *Cutter v. Wilkinson*, 544 U.S. 709, 718 n.7 (2005)). In addition, the district court analyzed the clearly established prong of the defendants' immunity claims collectively. On remand, it should instead analyze that prong defendant by defendant. *See Jones v. City of Elyria*, 947 F.3d 905, 913 (6th Cir. 2020) (explaining that courts must conduct this inquiry individually, not collectively).

III.

Defendants raise other issues in these appeals, but we dismiss them for lack of jurisdiction.

A.

The County defendants argue that they are entitled to qualified immunity on the failure-to-protect claim. But they never moved for summary judgment on that basis, so the district court—as it observed below—had no occasion to pass on their entitlement to immunity. Without a denial of qualified immunity, we lack interlocutory appellate jurisdiction to address this argument. *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985).

Granted, as the County defendants argue, jurisdiction could lie if this claim were "inextricably intertwined" with the failure-to-provide-medical-care claim. *See Browning v. Edmonson Cnty.*, 18 F.4th 516, 529–30 (6th Cir. 2021) (quoting *McGrew v. Duncan*, 937 F.3d 664, 670 (6th Cir. 2019)). Claims are "inextricably intertwined" when they are "coterminous with or subsumed in" one another, meaning that resolving one will "necessarily determine" the outcome of the other. *See id.* at 530 (quoting *McGrew*, 937 F.3d at 670). But because we remand the failure-to-provide-medical-care claim, we need not determine whether the claims are intertwined.

B.

Turning next to the merits of the failure-to-provide-medical-care claim, the City and County defendants assert that plaintiffs produced insufficient evidence that Little's overdose symptoms were obvious or that any acts or omissions by defendants caused Little's death. But we lack jurisdiction over such "evidence sufficiency" arguments that merely dispute whether the district court "correctly analyzed the relevant evidence." *Plumhoff v. Rickard*, 572 U.S. 765, 772 (2014) (citation omitted); *see also Moldowan v. City of Warren*, 578 F.3d 351, 369–70 (6th Cir.

2009). Thus, we dismiss this portion of these appeals for lack of jurisdiction. *See Gillispie v. Miami Twp.*, 18 F.4th 909, 916–17, 919 (6th Cir. 2021).

C.

Finally, the City defendants ask us to review the district court's denial of summary judgment on plaintiffs' state-law negligence claims. But, like the failure-to-protect claim above, these state-law claims are immediately appealable only if they are "inextricably intertwined" with the properly appealed deliberate-indifference claim. *Browning*, 18 F.4th at 529–30 (quoting *McGrew*, 937 F.3d at 670). And they are not because deliberate indifference requires "a state of mind more blameworthy than negligence." *Farmer*, 511 U.S. at 835. Thus, we dismiss this part of the City defendants' appeal for lack of jurisdiction. *Jones v. Bottom*, 85 F.4th 805, 810 (6th Cir. 2023).

IV.

For these reasons, we vacate in part the district court's order denying summary judgment and remand for further proceedings consistent with this opinion. We dismiss the remaining parts of these appeals for lack of jurisdiction.